# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PERCY LAVAE BACON,

    Plaintiff,

vs.

DAVID ROGER,

    Defendant.

Case No. 2:11-CV-00406-RLH-(PAL)

**ORDER**

       Plaintiff has submitted a motion to alter or amend judgment (#3). He asks the court to reconsider its denial of his application to proceed in forma pauperis (#1) pursuant to 28 U.S.C. § 1915(g). The court found that on at least three occasions it had dismissed actions brought by petitioner for failure to state a claim upon which relief can be granted. Order (#2). Petitioner claims that none of the three cases the court cited should be counted against him.

       The court is not persuaded by petitioner's argument that he did not seek leave to proceed in forma pauperis in either Bacon v. Webster, 2:05-CV-01267-PMP-(GWF), or Bacon v. State of Nevada, 2:10-CV-01451-KJD-(LRL). Bacon v. Webster was removed to this court from state court, and this court dismissed it for failure to state a claim upon which relief can be granted. Bacon v. State of Nevada was dismissed for failure to state a claim even though plaintiff had not filed an application to proceed in forma pauperis. Section 1915(g) does not require that plaintiff proceeded in forma pauperis in his prior actions, it just requires that the prior actions be dismissed for being frivolous, for being malicious, or for failure to state a claim upon which relief can be granted. Because both of those actions were dismissed for failure to state a claim upon which relief

1  can be granted, and because plaintiff's attempts to obtain relief from those judgments were
2  unsuccessful both in this court and on appeal, these dismissals qualify as prior dismissals for the
3  purposes of § 1915(g).
4         The court also is not persuaded by petitioner's argument that Bacon v. Laswell, 2:09-
5  CV-2058-PMP-(PAL), was opened in error.  Petitioner argues that the complaint in Bacon v.
6  Laswell should have been filed as an amended complaint in Bacon v. Webster.  This argument is
7  faulty for three reasons.  First, the court entered final judgment in Bacon v. Webster on February 22,
8  2006, more than three years before the court received the complaint in Bacon v. Laswell on October
9  23, 2009.  Plaintiff could not reopen the action on his own.  Second, plaintiff did not ask the court at
10 that time to reopen Bacon v. Webster.[1]  Third, nothing on the complaint in Bacon v. Laswell
11 indicated that it should have been filed in Bacon v. Webster, and the clerk of the court does not
12 evaluate allegations to determine in what action a pleading should be filed.  Because Bacon v.
13 Laswell was dismissed for failure to state a claim upon which relief can be granted, and because
14 plaintiff's attempts to obtain relief from the judgment were unsuccessful both in this court and on
15 appeal, this dismissal qualifies as a prior dismissals for the purposes of § 1915(g).
16        With three prior dismissals for failure to state a claim upon which relief can be
17 granted, plaintiff will need to pay the filing fee in full pursuant to 28 U.S.C. § 1915(g), and his
18 motion to alter or amend judgment (#3) is without merit.
19 ///
20 ///
21 ///
22 ///
23 ///

---

[1] After the court dismissed Bacon v. Laswell, plaintiff did file in Bacon v. Webster a motion to amend the complaint and a motion to set aside the judgment.  The court denied those motions, and the court of appeals dismissed his appeal.  The motions filed in Bacon v. Webster have no effect upon the dismissal of Bacon v. Laswell.

1    IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend judgment
2 (#3) is **DENIED**. Plaintiff shall have fourteen (14) days from the date of entry of this order to pay
3 the filing fee in full.
4    DATED: April 20, 2011.

_____
ROGER L. HUNT
Chief United States District Judge